AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
Teonna Jada Campbell

*Defendant(s)*

Case No. 8:25MJ1762CPT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 5, 2025 in the county of Hillsborough in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 49 U.S.C. § 46503 | Interference with Security Screening Personnel |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Kevin W. Grooms, Supervisory Federal Air Marshal
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: APRIL 9, 2025

[signature]
*Judge's signature*

City and state: Tampa, FL

Christopher P. Tuite, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Kevin W. Grooms, a Supervisory Federal Air Marshal, with the Federal Air Marshal Service (FAMS), being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I am a Supervisory Federal Air Marshal, and have been since November 2001. I am currently assigned as the Assistant Federal Security Director – Law Enforcement at the Tampa International Airport (TPA). I am also currently assigned to the Tampa FBI Joint Terrorism Task Force in Tampa. My experience as a Supervisory Federal Air Marshal includes a four-year assignment to the Jacksonville FBI Joint Terrorism Task Force in Jacksonville. I also have experience in the investigation of cases involving Interference with Screening Operations and crimes in the aviation environment. I have received training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures and various criminal law procedures.

2. This affidavit is being submitted for the limited purpose of securing a criminal complaint. It contains information both personally known to me as well as information I have received from other law enforcement officers and my conversations with state and federal law enforcement officers. I have not included each and every fact known to me regarding this investigation. I have only set forth the facts that I believe are necessary to establish probable cause to believe that

Teonna Jada Campbell ("CAMPBELL") has violated 49 U.S.C. § 46503 (Interference with Security Screening Personnel).

**STATUTORY AUTHORITY**

3. This affidavit is made in support of a criminal complaint against CAMPBELL for violating 49 U.S.C. § 46503 (interference with security screening personnel). Section 46503 provides:

> An individual in an area within a commercial service airport in the United States who, by assaulting a Federal, airport, or air carrier employee who has security duties within the airport, interferes with the performance of the duties of the employee or lessens the ability of the employee to perform those duties, shall be fined under title 18, imprisoned for not more than 10 years, or both.

**PROBABLE CAUSE**

4. On Saturday, April 5, 2025, at approximately 9:07 am, the Tampa Transportation Security Administration (TSA) Command Staff, to include the Assistant Federal Security Director for Law Enforcement (AFSD-LE), were notified of a disturbance at the Airside C checkpoint that involved an assault on a Transportation Screening Officer (TSO) and Lead Transportation Security Officer (LTSO). The disturbance was captured on TPA surveillance cameras, and the facts below come from my review of the footage and witness statements.

5. On April 5, 2025, victim V.S. was assigned as a TSO at Airside C, positioned near the Walk-Through Metal Detector (WTMD) and Advanced Imaging Technology machine (AIT). At approximately 9:04 am, CAMPBELL divested her property for screening and was instructed to wait her turn to proceed through the

AIT machine. CAMPBELL stood in the queue for the AIT momentarily, then attempted to bypass screening by opening the stanchion rope, climbing over the plastic barrier, and forcing her way through the WTMD.

6. TSO V.S. attempted to stop CAMPBELL's unauthorized entry by verbally addressing her and taking a position in the center of the WTMD. At approximately 9:05 am, CAMPBELL continued her attempt to enter the WTMD, which was closed off with stanchion barriers and plexiglass barriers, by charging forward into TSO V.S., pushing him into the exterior wall of an X-ray machine located adjacent to where TSO V.S. was standing. The momentum caused TSO V.S. to strike his knee against a metal divider between the AIT and WTMD. As TSO V.S. attempted to regain his balance, CAMPBELL struck him on the right side of his face with her elbow. TSO V.S. then wrapped his arms around CAMPBELL to prevent further aggression and prevent access to the sterile area.

7. Victim C.F., who was the LTSO assigned to Airside C, observed CAMPBELL aggressively attempting to push through TSO V.S. at the WTMD, breaching the position and striking him in the face. LTSO C.F. went to assist TSO V.S. and position himself in CAMPBELL's path to prevent her from entering the sterile area. CAMPBELL then struck LTSO C.F. in the chest approximately three times attempting to get past him to the sterile area.

8. As a result of CAMPBELL's actions, TSOs were prevented from performing their screening functions for other passengers. The screening checkpoint

lane was closed for approximately 10 to 15 minutes during the incident with CAMPBELL.

9. Based on the forgoing, there is probable cause to believe that CAMPBELL has violated 49 U.S.C. § 46503.

Respectfully submitted,

Kevin W. Grooms
Supervisory Federal Air Marshal
Federal Air Marshal Service

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this 9 day of April, 2025.

HON. CHRISTOPHER P. TUITE
United States Magistrate Judge